UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD WHITTINGTON,            )
                               )
            Plaintiff          )
                               )      1:17-cv-00413-NT
v.                             )
                               )
CITY OF BANGOR, et al.,        )
                               )
            Defendants         )

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff Richard Whittington alleges that he was injured as the result

of the City of Bangor's neglect.  Plaintiff filed an application to proceed in forma pauperis

(ECF No. 3), which application the Court granted.  (ECF No. 4.)  In accordance with the

in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28

U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss

Plaintiff's complaint without prejudice.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure

meaningful access to the federal courts for those persons unable to pay the costs of bringing

an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss

the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary

relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### FACTUAL BACKGROUND

According to the complaint, in 2015, Plaintiff suffered a traumatic brain injury when he fell in a hole on a city street. (Complaint ¶ 12, ECF No. 1.) Plaintiff now uses a wheelchair. (*Id.* ¶ 1.)

On July 5, 2017, Plaintiff was a passenger on a bus operated by Defendant City of Bangor through its Community Connector program. (*Id.* ¶ 4.) Plaintiff asserts that the bus driver, a municipal employee, did not secure Plaintiff's wheelchair to the bus with the appropriate equipment that was available. (*Id.* ¶¶ 1, 9.) Specifically, according to Plaintiff, the bus driver only secured the front wheel and rear wheel on one side of the wheelchair. (*Id.* ¶ 2.) Plaintiff asserts that because the wheelchair was not fully secured, Plaintiff suffered physical injury during the bus ride and continues to experience physical and emotional pain. (*Id.* ¶¶ 3 – 4, 8, 10, 11, 31.)

Plaintiff alleges that the bus driver was negligent, and that the bus driver is "prejudiced" toward Plaintiff because of Plaintiff's political views, and because Plaintiff rides the bus in a powered wheelchair. (*Id.* ¶ 6.) Plaintiff references the regulatory authority the U.S. Department of Transportation and the National Highway Traffic Safety Administration exercise over vehicle safety standards. (*Id.* at 6 – 7.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could

exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

## A.      Federal question jurisdiction under 28 U.S.C. § 1331

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not assert a recognizable claim based on the United States Constitution, a federal statute, or a federal treaty.

### 1.    *Title 42 U.S.C. § 1985*

Plaintiff suggests that the bus driver was motivated by an animus toward Plaintiff based on Plaintiff's political views. Federal law prohibits two or more persons from conspiring together "to injure any citizen in person or property on account of" that person's "support or advocacy," in favor of the election of a qualified person to be President. 42 U.S.C. § 1985(3). Plaintiff has not alleged any facts that would support the finding of a conspiracy by two or more persons.

### 2.    *Title 42 U.S.C. § 1983*

The federal civil rights statute also provides a cause of action against a person who acts "under color of" state law and deprives another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. For purposes of section 1983, municipalities qualify as persons against whom a claim may be brought. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 35 (2010). The doctrine of respondeat superior, however, does not apply to a municipality for alleged civil rights violations; therefore, a municipality is not vicariously liable under section 1983 for the misconduct of

its employees. *Id.* A municipality can only be liable for a constitutional deprivation caused by a municipal employee if the municipality is the moving force behind the deprivation. That is, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

Here, Plaintiff arguably seeks to assert a claim against the City of Bangor based on the alleged violation of his rights under the First Amendment. Plaintiff, however, has not alleged any facts from which one could reasonably conclude that the bus driver's alleged misconduct was the product of a municipal policy.

Furthermore, to the extent Plaintiff cites publications by or standards of the U.S. Department of Transportation and the National Highway Traffic Safety Administration in an effort to assert a federal claim, Plaintiff has not asserted an actionable federal claim. Federal statutes and regulations are not enforceable under section 1983 unless a plaintiff identifies a provision of federal law through which Congress intended to confer an enforceable right on individual citizens. *Suter v. Artist M.*, 503 U.S. 347, 356 (1992); *Stowell v. Ives*, 976 F.2d 65, 67 (1st Cir. 1992). Plaintiff has not identified such a right. In addition, neither the Federal-Aid Highways Act, 23 U.S.C. §§ 101 *et seq.*, nor the Highway Safety Act, *id.* §§ 401 *et seq.*, create an implied cause of action. *Ramos Pinero v. Puerto Rico*, 359 F. Supp. 2d 56, 57 (D.P.R. 2005), *aff'd*, 453 F.3d 48 (1st Cir. 2006).

### 3. *Americans with Disabilities Act*

Plaintiff also asserts that the bus driver was prejudiced against him because he used a power wheelchair on the bus. (Complaint, ¶6.) Title II of the Americans with Disabilities Act (ADA) addresses discrimination by government entities and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To state a Title II ADA claim, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against; and (3) that the exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Buchanan v. Maine*, 469 F.3d 158, 170 – 71 (1st Cir. 2006). Additionally, to obtain compensatory damages through a Title II claim, the claim must involve intentional discrimination on the part of the defendant. *See*, *e.g.*, *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 111 (2d Cir. 2001).

According to Plaintiff's allegations, the City of Bangor Community Connector service accommodates individuals in wheelchairs. The only potential basis for municipal liability, therefore, is the alleged conduct of the bus driver. The specific question is whether a municipal entity can be vicariously liable for money damages based on the deliberate indifferent conduct of its employees. While neither the Supreme Court nor the First Circuit

has directly addressed the issue,[1] this Court has previously determined that deliberate indifference on the part of a policy-making individual is necessary in order to impose liability on a municipal entity. That is, a plaintiff must demonstrate that a person with policy-making authority was on notice of a discriminatory practice and failed to take action to rectify it. *Manuel v. City of Bangor*, No. 1:09-cv-00339-JAW, 2009 WL 3517566, at *2 – 3 (D. Me. Oct. 21, 2009), *aff'd*, 691 F. Supp. 2d 212 (D. Me. 2010).[2] The District of New Hampshire views the issue similarly. *Fortin on behalf of TF v. Hollis Sch. Dist.*, No. 15-CV-00179, 2017 WL 4157065, at *3 (D.N.H. Sept. 18, 2017) ("In order to demonstrate intentional discrimination under Title II of the ADA, most Courts of Appeals that have addressed the question require the plaintiff to show at least that a defendant was deliberately indifferent to his statutory rights." (quotation marks omitted, collecting cases)).

Consistent with this approach, in the analogous situation of gender discrimination under Title IX, the Supreme Court and the First Circuit have held that deliberate indifference on the part of the entity must be evident, unless the harm results directly from a governmental policy. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) ("[I]n cases like this one that do not involve official policy of the recipient entity, we hold that a damages remedy will not lie under Title IX unless an official who at a minimum has

---

[1] In *City & County of San Francisco, California v. Sheehan*, 135 S. Ct. 1765, 1773-74, 191 L. Ed. 2d 856 (2015), the Supreme Court declined to address the issue.

[2] The First Circuit also affirmed the judgment in *Manuel*, but its unpublished judgment has no precedential force. Nos. 10-1821, 10-2015 (1st Cir. Sept. 1, 2011). More recently, this Court noted the issue in *Adle v. Maine State Police Department*, No. 1:15-cv-00458-NT, 2017 WL 3902859, at *21 n.25 (D. Me. 2017), but did not reach it.

authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond."); *Santiago v. Puerto Rico*, 655 F.3d 61, 73 – 74 (1st Cir. 2011); *Wills v. Brown Univ*., 184 F.3d 20, 40 – 41 (1st Cir. 1999). As discussed in *Gebser*, Title IX is modeled on Title VI, and therefore the standard for liability would be the same in the Title VI context. 524 U.S. at 286. Moreover, Title II of the ADA draws its remedies from Title VI. *See Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 126 n.20 (1st Cir. 2003) (citing 42 U.S.C. § 12133 (Title II of the ADA borrows remedies from the Rehabilitation Act) and 29 U.S.C. § 794a(a)(2) (Rehabilitation Act borrows remedies from Title VI)).

At the pleading stage, although the Court must accept Plaintiff's allegations as true, even if the bus driver failed to secure Plaintiff properly in the bus due to the driver's discriminatory animus toward passengers in wheelchairs, Plaintiff has not alleged any facts to suggest that a person with the authority to make policy for the City of Bangor or the Community Connector service was aware, prior to July 5, 2017, that the driver engaged in discriminatory practices toward wheelchair-bound passengers. Plaintiff, therefore, has failed to assert an actionable claim under Title II of the ADA.

**B.    Diversity jurisdiction under 28 U.S.C. § 1332**

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction is established, a plaintiff may assert state law claims in federal district court. Plaintiff's allegations arguably state a claim of negligence. In order for Plaintiff's negligence claim

to come within this Court's diversity jurisdiction, Plaintiff and all Defendants must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016). In his complaint, Plaintiff included a specific Bangor, Maine, address as his residence. (Complaint at 7.) Given that Plaintiff asserts a claim against the City of Bangor, Plaintiff has failed to assert a claim between citizens of different states. Plaintiff thus has failed to assert a claim within the Court's diversity jurisdiction.

## CONCLUSION

Based on the foregoing analysis, while Plaintiff has arguably asserted a negligence claim against the City that he could pursue in state court, Plaintiff has not asserted an actionable claim within this Court's jurisdiction. Accordingly, after a review pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of November, 2017.